<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT AND KIM SUMMERS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PHH MORTGAGE CORPORATION, <br><br> Defendant. | Civil Action No. 22-06726 (GC) (TJB) <br><br> **MEMORANDUM OPINION** |

<u>**CASTNER, United States District Judge**</u>

  This matter comes before the Court upon Defendant PHH Mortgage Corporation's Motion to Dismiss Plaintiffs Robert and Kim Summers's First Amended Complaint, pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF Nos. 20, 27.) Plaintiffs opposed, and Defendant replied. (ECF Nos. 28, 31.) The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's motion is **GRANTED**.

I.  **BACKGROUND**[1]

   A.  **Plaintiffs' Allegations**

The premise of this action is that Defendant charged Plaintiffs for property-inspection fees that allegedly violated the parties' mortgage agreement.[2]  On August 23, 2023, the Court granted Defendant's previous motion to dismiss.  (ECF Nos. 6, 16, 17.)  On September 19, Plaintiffs filed the First Amended Complaint (FAC).  (ECF No. 20.)  Defendant's second motion to dismiss followed.  (ECF No. 27-1.)

II.  **LEGAL STANDARD**

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere

---

[1]  When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court typically accepts as true all well-pleaded facts in the complaint.  *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)).

[2]  For a full recitation of the procedural and factual background, see the Court's previous opinion at *Summers v. PHH Mortg. Corp.*, Civ. No. 22-06726, 2023 WL 5434336 (D.N.J. Aug. 23, 2023), or ECF No. 16 at 2-7.  Page numbers (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### III.   DISCUSSION

Defendant asserts the same five reasons for dismissing Plaintiffs' Complaint as offered in its prior Motion to Dismiss. (*Compare* ECF No. 27-1 at 6-8 *with* ECF No. 6-15 at 5-6.) *First*, Plaintiffs' court-approved loan modification collaterally estops Plaintiffs from challenging the amount due under the loan contract. (ECF No. 27-1 at 11-14.) *Second*, Plaintiffs have not alleged facts showing the inspection fees breach their mortgage agreement. (ECF No. 27-1 at 15-17.) *Third*, Plaintiffs cannot bring New Jersey Consumer Fraud Act (CFA) or Truth Act claims for violation of U.S. Department of Housing and Urban Development (HUD) requirements, because no private right of action exists under the relevant HUD regulations. (ECF No. 27-1 at 17-18.) *Fourth*, Plaintiffs cannot bring CFA or Truth Act claims based on alleged breaches of contract. (ECF No. 27-1 at 18-19.) *Fifth*, and finally, Plaintiffs cannot bring Truth Act claim based on the alleged invalidity of the contract. (ECF No. 27-1 at 19-20.) The Court again dismisses Plaintiffs' complaint on the issue of collateral estoppel.

####   A.   Collateral Estoppel

Defendant first argues that the doctrine of collateral estoppel bars Plaintiffs from challenging the amount agreed to under the court-approved 2022 loan modification agreement, which covered unpaid property-inspection fees assessed from 2016 to 2018. (ECF No. 27-1 at 11-14.)

3

The Court adopts its prior recitation of the doctrine of collateral estoppel, and reiterates that it applies where four prerequisites are satisfied: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Giordano v. Saxon Mortg. Servs., Inc.*, Civ. No. 12-7937, 2013 WL 12158378, at *8 (D.N.J. Oct. 31, 2013) (internal quotations omitted).

Here, Plaintiffs contend that the third element is what "is primarily at issue in this motion." (ECF No. 28 at 13.) Plaintiffs frame this question as the following: "[w]as the order entered in the Chapter 13 proceeding approving the loan modification a final judgment, and issued on the merits." Plaintiffs' argument turns on the fact that because the Chapter 13 bankruptcy process was converted to a Chapter 7 bankruptcy process, "upon conversion from Chapter 13 to Chapter 7, the confirmed plan ceased to have a binding effect on the parties." (ECF No. 28.)

In reviewing a Rule12(b)(6) motion, the Court construes all facts as pled in favor of the Plaintiffs. The facts as pled here, however, do not square with Plaintiffs' legal argument regarding the impact of the two loan modification orders on Plaintiffs' claims.

As Defendant correctly points out, Plaintiffs moved for the bankruptcy court to approve the loan modification agreement after the Court converted the bankruptcy to a Chapter 7 bankruptcy on September 15, 2021. (*See* ECF No. 20 ¶ 25; *see also* ECF No. 27-1 at 13-14.)[3] In the Chapter 7 bankruptcy proceeding, Plaintiffs, represented by the same counsel as in this action, first moved for the bankruptcy court to approve a loan modification with Defendant on November

---

[3] The Court considers the original Note and Mortgage and the relevant loan modification agreements and orders without converting Defendant's motion to dismiss into one for summary judgment, for the same reasons it did in its previous opinion: they are integral to the complaint and documents in the public record. *See Summers*, 2023 WL 5434336, at *1 n.3.

4

23, 2021, which the Court approved on December 22, 2021. (*See* ECF No. 27-11 & 27-13). On May 10, 2022, Plaintiffs moved a second time to approve another loan modification with Defendant, which the Court granted on June 28, 2022. (See ECF No. 27-12 & 27-14.) These orders are separate and distinct from the Chapter 13 bankruptcy plan confirmed on April 15, 2020. (ECF No. 20 ¶ 24.) Plaintiffs obtained a successful Chapter 7 discharge on March 20, 2022, and the final report was issued by the trustee on June 9, 2023. (ECF No. 20 ¶¶ 23-28.)[4]

Defendant contends that instead of confronting its argument that "two bankruptcy court orders entered after conversion to Chapter 7 collaterally estop Plaintiffs from challenging the amount due under the loan," Plaintiffs argue only that their Chapter 13 plan, as opposed to the orders, "lacks preclusive effect." (ECF No. 31 at 7.) According to Defendant, Plaintiffs' argument is irrelevant because Defendant does not rely on the Chapter 13 plan. (*Id.*)

In support of their argument, Plaintiffs rely on authority concerning the impact of a Chapter 7 bankruptcy conversion on the finality of a Chapter 13 plan issued by the bankruptcy court before the conversion. (*See* ECF No. 20 ¶ 30.) For instance, in *Hutchinson v. Delaware Savings Bank FSB*, the district court ruled that the plaintiff's "voluntary conversion of their Chapter 13 bankruptcy to a Chapter 7 bankruptcy obviates the res judicata effect of the confirmed Chapter 13 plan." 410 F. Supp. 2d 374, 378 (D.N.J. 2006). In *Hutchinson*, the Chapter 13 plan was confirmed before the conversion to a Chapter 7 bankruptcy, and the district court relied on caselaw holding that Chapter 13 plans "had no binding res judicata effect on either party once the debtors voluntarily abandoned their Chapter 13 case." *Id.* at 379 (citing *Elliott v. ITT Corp.*, 150 B.R. 36, 40 (N.D. Ill. 1992)). For another, Plaintiffs cite *In re Michael*, which discusses how a Chapter 13

---

[4] At ECF No. 20 ¶ 23, the Court understands Plaintiffs to have intended to refer to Bankruptcy Docket No. 19-20123, adjudicating the bankruptcy of Robert and Kim Summers.

trustee should handle "undistributed payments under a confirmed plan held by a chapter 13 trustee on the date of conversion to a chapter 7." *Michael v. DeHart (In re Michael)*, 436 B.R. 323 (Bankr. M.D. Pa. 2010).

These cases are inapposite here. Indeed, Plaintiffs do not cite authority concerning the issue at hand: the impact of a loan modification order requested by the debtors, entered by the bankruptcy court following conversion of a Chapter 13 action and before a Chapter 7 discharge.

It is undisputed that Plaintiffs moved for the court's order on the loan modifications after the Chapter 7 conversion, not before it. Plaintiffs do not provide legal citations to any case where the relevant order was made following the Chapter 7 conversion and ordered by a Chapter 7 bankruptcy court. *Id.*; *see also In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989) (discussing the effect of a confirmed Chapter 13 bankruptcy plan). Read as a whole, because the bankruptcy court's orders in question disposed of all issues between Defendant and Plaintiffs, Plaintiffs' case citations largely support Defendant's argument that the orders approving the loan modifications are the type of "orders entered in bankruptcy proceedings that resolve discrete issues between parties" and "are entitled to preclusive effect." *See, e.g., Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (holding that a bankruptcy court's disposition of "a discrete procedural unit within the embracive bankruptcy case . . . yields a final, appealable order"); *Stoll v. Gottlieb*, 305 U.S. 165 (1938) (holding that a bankruptcy court's order barred a creditor from bringing ancillary litigation since "[i]t is just as important that there should be a place to end as that there should be a place to begin litigation").

The Court also rejects Plaintiffs' argument that "[t]he order approving the loan modification was the product of a motion to obtain court approval of the loan modification agreement" and "[t]hat modification agreement, and the debtor's obligation to pay it, was subject

6

to the final approval, confirmation of the Chapter 13 plan." (ECF No. 28 at 14-15.) Plaintiffs submitted these motions to the court after the conversion of the case to a Chapter 7 bankruptcy, therefore ensuring that they would never be "an event on the path to confirmation of the Chapter 13 Plan." (*Id.* at 17.) Plaintiffs' reading ignores that the motion was filed in a Chapter 7 bankruptcy proceeding, not the earlier Chapter 13 bankruptcy proceedings.

Further, Plaintiffs do not cite any caselaw that rebuts Defendant's arguments that (1) Chapter 7 bankruptcy court orders are final orders, and (2) matters within their ambit are considered res judicata. *See, e.g.*, *In re Martin*, 490 F.3d 1272, 1276 (11th Cir. 2007) (holding a settlement agreement approved by a Chapter 7 bankruptcy court had preclusive effect barring further litigation); *see also In re Visteon Corp.*, 579 F. App'x 121, 129 (3d Cir. 2014) (citing *In re Martin* for its finality analysis and noting that in bankruptcy courts "finality is accorded a somewhat flexible, pragmatic definition" (quoting *Matter of Taylor*, 913 F.2d 102, 104 (3d Cir. 1990) (holding there is finality in a bankruptcy order when it leaves no related issues for later determination))). Plaintiffs' briefing on the third element of the collateral estoppel analysis is unavailing because those cases are factually inapposite, especially considering the procedural history of the orders in this case.

Plaintiffs do not make any argument in opposition to the other prongs of the collateral estoppel analysis. "A plaintiff concedes a claim when she fails to oppose arguments in support of a motion to dismiss it under Fed. R. Civ. P. 12(b)(6)." *Powell v. Verizon*, Civ. No. 19-8418, 2019 WL 4597575, at *9 (D.N.J. Sept. 20, 2019) (citing *O'Neal v. Middletown Twp.*, Civ. No. 18-5269, 2019 WL 77066, at *3 (D.N.J. Jan. 2, 2019)); *see Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005) (noting that party's failure to oppose argument raised in a motion to dismiss constitutes waiver); *Ankele v. Hambrick*, 286 F. Supp. 2d 485, 496 (E.D. Pa. 2003), *aff'd*, 136 F.

7

App'x 551 (3d Cir. 2005) ("Plaintiff makes no response to this argument, and thus has waived his opportunity to contest it."); *Pers. v. Teamsters Loc. Union 863*, Civ. No. 12-2293, 2013 WL 5676802, at *2 (D.N.J. Oct. 17, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in waiver.").  Therefore, the Court need not address the remaining factors.

Though the Court still recognizes the factual differences between this case and *Giordano* that it noted in its previous opinion, the Court must again dismiss this case.

Applying the elements of collateral estoppel, the Court finds that *first*, the issues of Defendant's claim, the loan modification agreement, and the amount due under the agreement, all of which Defendant contends included property-inspection fees, were adjudicated in the bankruptcy court.  *Second*, the modification terms were actually litigated, as Plaintiffs twice asked the bankruptcy court to approve—and the bankruptcy court so approved—modifications of Plaintiffs' loan with Defendant, which included such fees.  (ECF Nos. 27-11 (2021 request), 27-12 (2022 request), 27-13 (2021 order), 27-14 (2022 order), 27-16 (2022 modification agreement).) *Third*, Plaintiffs have not adequately contested that the court-approved loan modification agreements constitute final and valid judgments, given that Plaintiffs requested this relief from the bankruptcy court after the action was converted into a Chapter 7 bankruptcy that was successfully discharged.  *Fourth*, and finally, Plaintiffs have also not contested that the terms of the loan modifications were essential to the bankruptcy court's approval of the modifications.  Plaintiffs' claims are thus barred by collateral estoppel.

Because the Court dismisses the Complaint under the collateral-estoppel doctrine, it need not consider the additional grounds that Defendant raises for dismissal.

### IV. CONCLUSION

For the reasons set forth above, and other good cause shown, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 27). Plaintiffs' Complaint (ECF No. 20) is **DISMISSED** without prejudice. Plaintiffs shall have 30 days in which to file an amended complaint to the extent they can cure the deficiencies set forth in this Memorandum Opinion. An appropriate Order follows.

Dated: June 27, 2024

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**