<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT and KIM SUMMERS, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PHH MORTGAGE CORPORATION, <br><br> Defendant. | Civil Action No. 22-6726 (GC) (JBD) <br><br> <u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Defendant PHH Mortgage Corporation's Motion to Dismiss Plaintiffs' Second Amended Complaint (SAC) (ECF No. 34) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 38.) Plaintiff opposed, and Defendant replied. (ECF Nos. 40, 43.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Motion is **GRANTED**.

**I.   BACKGROUND**[1]

The premise of this action is that Defendant charged Plaintiffs for property inspection fees that allegedly violated the parties' mortgage agreement.[2] The Court has dismissed Plaintiffs'

---

[1]   On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

[2]   For a full recitation of the procedural and factual background, see the Court's previous opinion at ECF No. 16 at 2-7.

claims twice, but both times granted Plaintiffs leave to amend. (ECF Nos. 16, 32.) Plaintiffs' SAC is now the operative pleading. The SAC includes the same causes of action as the First Amended Complaint (FAC): breach of contract (Count I); "injunctive relief" (Count II)[3]; violation of the New Jersey Consumer Fraud Act (NJCFA), N.J. Stat. Ann. §§ 56:8-1, *et seq.* (Count III); and violation of the Truth-in-Consumer Contract, Warranty and Notice Act, N.J. Stat. Ann. §§ 56:12-14, *et seq.* (Count IV).[4] On September 13, 2024, Defendant moved to dismiss the SAC. (ECF No. 38.)

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of*

---

[3] The Court has already addressed that injunctive relief is a remedy and not a separate cause of action. (*See* ECF No. 16 at 4 n.5.)

[4] The Court has subject-matter jurisdiction over Plaintiffs' state law claims because the claims relate to regulations and guidelines promulgated by the United States Department of Housing and Urban Development (HUD), and thus raise a substantial question of federal law. (*See* ECF No. 16 at 2 n.2.) *See also Hendiazad v. Ocwen Loan Servicing, LLC*, 2021 WL 2125028, at *2 (E.D. Va. May 24, 2021), *aff'd*, 2023 WL 3116768 (4th Cir. Apr. 27, 2023) ("The meaning of the [HUD regulations] is an important issue of federal law that sensibly belongs in a federal court." (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 309 (2005))) (alterations in *Hendiazad*).

*Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### III. DISCUSSION

Defendant asks the Court to rule for a third time that Plaintiffs are collaterally estopped from bringing their claims. The Court adopts its prior recitations of the doctrine of collateral estoppel, (*See* ECF Nos. 16, 32), and reiterates that it applies where four prerequisites are satisfied: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Giordano v. Saxon Mortg. Servs., Inc.*, Civ. No. 12-7937, 2013 WL 12158378, at *8 (D.N.J. Oct. 31, 2013) (internal quotations omitted).

In its August 23, 2023 Memorandum Opinion, the Court found that all four collateral estoppel factors were met and dismissed the Complaint without prejudice. (ECF No. 16 at 11-12.) In short, the Court found that Plaintiffs failed to object to the property inspection fees that were included in the parties' loan modification agreement that was approved by the bankruptcy court. (*Id.*) Following Plaintiffs' FAC, another Motion to Dismiss was filed by Defendant. (*See* ECF Nos. 20, 27, 28, 31.) In opposition, Plaintiffs challenged only the third element of the collateral estoppel test—whether the issue was determined by a final and valid judgment. (ECF No. 32 at 7.) The Court found Plaintiffs' argument unavailing, highlighting that Plaintiffs did not "cite any

3

caselaw that rebut[ted] Defendant's arguments that (1) Chapter 7 bankruptcy court orders are final orders, and (2) matters within their ambit are considered res judicata." (*Id.*)  Thus, the Court dismissed the FAC without prejudice.

Plaintiffs thereafter filed the SAC. (ECF No. 34.)  Defendant asserts that the SAC does not contain any new facts, but rather "pure legal arguments or information that was included in the parties' prior briefing." (ECF No. 38-1 at 6.[5])  The Court agrees.  At the motion-to-dismiss stage, courts "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  The Court again finds that Plaintiffs' claims are barred by collateral estoppel.  Nonetheless, the Court addresses Plaintiffs' new allegations.

Paragraph 31 of the SAC describes the bankruptcy court's loss mitigation program as one "designed to function as a forum for debtors and lenders to reach a consensual resolution when a debtor's residential property is at risk of foreclosure." (ECF No. 34 ¶ 31.)  Accepting Plaintiffs' allegation as true, this does not change the Court's prior ruling.  Indeed, Plaintiffs previously argued that orders arising out of the loss mitigation program are not the result of an adversarial process, and thus not entitled to preclusive effect. (*See* ECF No. 28 at 11-12.)  But in its June 27, 2024 Memorandum Opinion, the Court rejected that argument, finding that "because the bankruptcy court's orders in question disposed of all issues between Defendant and Plaintiffs, Plaintiffs' case citations largely support Defendant's argument that the orders approving the loan

---

[5]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

modifications are the type of 'orders entered in bankruptcy proceedings that resolve discrete issues between parties' and 'are entitled to preclusive effect.'"  (ECF No. 32 at 6.)

The remaining new allegations in the SAC relate to legal standards and bare conclusions of law.  (*See, e.g.*, ECF No. 34 ¶ 32 (alleging that "Plaintiff is not collaterally estopped from bringing the instant claim" and citing the four collateral estoppel factors); ¶ 34 (alleging that "[t]he present issue was not actually litigated," and citing cases in which courts found that an issue had not previously been litigated); *see also id.* ¶¶ 33, 35-36.)  The Court will disregard these conclusory legal statements.  See *Fowler*, 578 F.3d at 210-11; *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, Civ. No. 13-03057, 2013 WL 5780815, at *1 (D.N.J. Oct. 25, 2013) ("The [c]ourt notes that [the p]laintiffs' complaint contains extensive legal arguments and conclusions which the [c]ourt will not credit." (citing *Bell Atl. Corp.*, 550 U.S. at 555)); *see also Blackbook Cap., Inc. v. Fin. Indus. Regul. Auth., Inc.*, Civ. No. 19- 21772, 2021 WL 1827268, at *3 (D.N.J. May 5, 2021) (dismissing second amended complaint with prejudice where the plaintiffs asserted "the same claims in the [second amended complaint] as in the [a]mended [c]omplaint and provide[d] no new factual allegations"); *In re NC Swine Farm Nuisance Litig.*, 2015 WL 3948309, at *3 (E.D.N.C. June 29, 2015) (striking portions of complaint that contained legal argument and directing the plaintiffs to "plead *factual* allegations relevant to such legal arguments").

Plaintiffs' legal arguments largely relate to the bankruptcy court's loss mitigation program. (*See* ECF No. 34 ¶ 33 ("The issue presented in this complaint are not the same issues present in the loss mitigation process.  That process consisted of the submission of an application for loan modification directly to the servicer for approval or rejection.  This complaint asserts the imposition of improper fees and charges."); ¶ 35 ("The order entered pursuant to the application was not a valid and final order, as it was not within the bankruptcy court's jurisdiction to grant, as

the loss mitigation process applies only t[o] Chapter 11, 12 and 13 bankruptcy cases."); ¶ 36 ("The determination made in the loss mitigation order was not related to the claims in this pleading or the entry of the bankruptcy discharge and was not essential to the grant or denial of the loan modification.").) The Court finds that Plaintiffs' additional allegations do not change this Court's prior rulings that collateral estoppel applies in this case. (*See* ECF No. 32 at 8.) *See Hammond v. Contino*, Civ. No. 14-1042, 2015 WL 3545230, at *2 (D.N.J. June 8, 2015) ("[The p]laintiff's amended complaint provides some new legal arguments and conclusions, but no new factual statements, and therefore the motion must be denied.").

For these reasons, the Court will dismiss the SAC with prejudice, as the Court finds that any further amendment would be futile. *See Kamdem-Ouaffo v. Colgate Palmolive Co.*, Civ. No. 15-7902, 2021 WL 321418, at *8 (D.N.J. Jan. 31, 2021), *aff'd*, Civ. No. 21-1198, 2022 WL 382032 (3d Cir. Feb. 8, 2022) (dismissing complaint with prejudice on collateral estoppel and other grounds because "further amendment would be futile").

### IV. <u>CONCLUSION</u>

For the foregoing reasons, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 38) is **GRANTED**. Plaintiffs' SAC (ECF No. 34) is **DISMISSED** with prejudice. An appropriate Order follows.

Dated: February 26, 2025

*[signature]*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE